# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR GONZALEZ,<br>    *Plaintiff*,<br><br>v.<br><br>DR. KATHLEEN MAURER, *et al*.<br>    *Defendants*. | No. 3:17-cv-01494 (JAM) |

## INITIAL REVIEW ORDER

Plaintiff Victor Gonzalez is a prisoner of the State of Connecticut. He has filed a *pro se* complaint alleging that prison officials have denied him the right to medical care for his deteriorating vision. I will allow his Eighth Amendment claim against some of the defendants to proceed but will otherwise dismiss his remaining claims for failure to allege plausible grounds for relief.

### BACKGROUND

Plaintiff filed his *pro se* complaint on September 6, 2017, and he has named the following defendants: Dr. Kathleen Maurer, Director of Health Services for the Connecticut Department of Correction, Nurse Sharon Burke, Nurse April Ralaph, Correctional Officer Melendez, and Nurse John/Jane Doe 1, and Nurse John/Jane Doe 2. The following facts are assumed to be true solely for purposes of my initial evaluation of the adequacy of the allegations of the complaint.

Plaintiff was admitted in 2012 to MacDougall-Walker Correctional Institution ("MacDougall-Walker"). Pursuant to a prison regulation that forbids inmates to have name-brand eyeglasses, Officer Melendez in his capacity as the prison's property officer confiscated plaintiff's eyeglasses upon his admission to the MacDougall-Walker facility.

1

Prison officials then barred plaintiff's family from giving him another pair of eyeglasses, and plaintiff's eyesight began to deteriorate without his glasses. Plaintiff asked to see an optometrist, but no optometrist examined him during his time at MacDougall-Walker.

On April 13, 2015, plaintiff was transferred to Cheshire Correctional Institution ("Cheshire"). There he received a new pair of eyeglasses. But despite plaintiff's requests to see an optometrist and being told that he was on the waiting list, no optometrist examined him while he was at Cheshire. Nurse Burke was allegedly responsible for scheduling plaintiff to see the optometrist at Cheshire.

On May 10, 2017, plaintiff's attorney contacted Dr. Maurer about plaintiff's deteriorating eyesight and requested that plaintiff be seen by an optometrist right away. But Dr. Maurer allegedly did not make arrangements for plaintiff to be examined by an optometrist.

According to plaintiff, he was transferred to Garner Correctional Institution ("Garner") in retaliation for his attorney's complaint to Dr. Maurer. At Garner he asked to see an optometrist but still to this day has not been examined by an optometrist. Nurse Ralaph was allegedly responsible for scheduling plaintiff to see the optometrist at Garner.

Plaintiff alleges that he can no longer read small or large numbers and that everything is blurry. He believes he is at risk of permanent loss of his eyesight if he is not examined by an optometrist.

The complaint alleges a claim pursuant to 42 U.S.C. § 1983 of deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. It also alleges a violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act, as well as a state law claim for negligence. Plaintiff seeks a temporary restraining order and

preliminary injunctive relief. He further demands $750,000 in compensatory damages and $500,000 in punitive damages against each defendant.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must conduct an initial review of prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. I must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). It is otherwise well-established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

### *Eighth Amendment*

Plaintiff principally claims a violation of his rights to be free from cruel and unusual punishment under the Eighth Amendment. The Supreme Court has held that a prison official's "deliberate indifference" to a prisoner's serious medical needs amounts to a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The Second Circuit in turn has made clear that a prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an *objective* requirement—that the prisoner's medical need was sufficiently serious. *See Spavone v. New York State Dep't of Corr. Serv's.*, 719 F.3d 127, 138 (2d Cir. 2013). The prisoner must show that he suffered from an urgent medical condition involving a risk of death, degeneration, or extreme

pain. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Second, there is a *subjective* requirement: that the defendant have acted recklessly—that is, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action. *See Spavone*, 719 F.3d at 138. It is not enough to allege simple negligence or negligent medical malpractice. *See Hilton v. Wright*, 673 F.3d 120, 122-23 (2d Cir. 2012); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Instead, a prisoner must show that the defendant acted with the equivalent of a criminally reckless state of mind when denying treatment for the prisoner's medical needs. *See Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*).

I have little doubt that one's potential loss of vision constitutes a sufficiently serious medical need for purposes of the objective component of an Eighth Amendment claim. *See, e.g.*, *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996). Plaintiff otherwise alleges that Dr. Maurer, Nurse Burke, and Nurse Ralaph were on notice of his deteriorating vision and that they did and have done nothing in response. These allegations—which I am obliged at this initial point of inquiry to accept as true—are legally sufficient to meet the subjective component for an Eighth Amendment claim, although it may be difficult for plaintiff to ultimately carry his burden to establish that any of these defendants' alleged inaction was accompanied by a criminally reckless state of mind. Accordingly, the Eighth Amendment claims against Dr. Maurer, Nurse Burke, and Nurse Ralaph shall proceed for now.[1]

---

[1] Although plaintiff alleges that he was transferred from Cheshire to Garner as retaliation for his attorney's complaint to Dr. Maurer, his complaint does not allege a claim for First Amendment retaliation. Nor does the complaint otherwise allege facts that would plausibly suffice to support a First Amendment retaliation claim, because there are no facts alleged to suggest that the transfer was adverse to him. *See Warren v. Goord*, 2008 WL 5077004, at *2 (2d Cir. 2008) (affirming dismissal of First Amendment retaliation claim that was based on prisoner's transfer for lack of evidence that conditions at new facility were more adverse than conditions at prior facility).

As for plaintiff's claim against Officer Melendez, it falls short for at least two reasons. First, the claim is clearly time-barred. A § 1983 claim is subject to a three-year statute of limitations. *See, e.g., Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Far more than three years elapsed between the date in March 2012 when Officer Melendez allegedly confiscated plaintiff's glasses and the date in September 2017 when plaintiff filed this complaint.

Second, plaintiff claims that Officer Melendez confiscated his glasses in accordance with the prison policy against the retention by inmates of name-brand glasses. Assuming there to be such a policy, Melendez's action in conformity with the prison's policy does not raise a plausible inference that Melendez was deliberately indifferent to plaintiff's medical needs. The Court will dismiss Officer Melendez as a defendant in this action.

As for plaintiff's claims against "John/Jane Doe" defendants, plaintiff has not alleged specific or sufficient facts to show any culpable wrongdoing by these anonymous defendants. If plaintiff develops more information concerning wrongdoing by another prison official, he may promptly file a motion to amend his complaint to include specific facts and to identify the putative defendant by name if at all possible.

### *ADA and Rehabilitation Act*

Plaintiff claims a violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. But he does not allege any facts to suggest that any of the defendants he has named denied him an accommodation or other benefit *because* of his alleged vision disability. *See Wright v. New York States Department of Corrections*, 831 F.3d 64, 72 (2d Cir. 2016) (discussing identical elements of ADA and Rehabilitation Act claim in prison context). Plaintiff's complaint is that he has not received treatment for his vision, not that any vision disability prompted any of the defendants to discriminate against or disadvantage him.

Accordingly, plaintiff has not alleged a plausible claim for relief under the ADA or Rehabilitation Act. *See, e.g., Cordero v. Semple*, 2017 WL 3614445, at *1 (2d Cir. 2017) (affirming dismissal of prisoner's ADA claim because "prisoner did not allege that his [HIV status and mental disorder] conditions prevented him from participating in any programs or activities, much less that reasonable accommodations were needed, requested, or refused").

*Negligence*

Plaintiff claims that defendants were negligent in violation of state law. The state law of Connecticut, however, bars damages claims for negligence against state employees: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." Conn. Gen. Stat. § 4-165(a). Accordingly, because plaintiff faults only the actions of defendants that were taken within the scope of their employment, the Court will dismiss plaintiff's damages claim for negligence. *See Miller v. Egan*, 265 Conn. 301, 319 (2003); *Williams v. Community Solutions, Inc.*, 932 F. Supp. 2d 323, 336 (D. Conn. 2013); *Hamilton v. Lajoie*, 660 F. Supp. 2d 261, 265-66 (D. Conn. 2009).[2]

## CONCLUSION

Plaintiff's Eighth Amendment claim shall proceed against Dr. Maurer, Nurse Burke, and Nurse Ralaph. All other claims against the defendants are DISMISSED.

(1) **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Dr. Kathleen

---

[2] To the extent that plaintiff might argue that his claim of negligence may justify a grant of injunctive relief and that a claim for injunctive relief against any of the defendants in their official capacities may fall outside the scope of § 4-165(a) and the scope of the State's sovereign immunity, I need not consider that argument at this time because I will consider his request for injunctive relief in connection with his Eighth Amendment claim. If I do not sustain plaintiff's claim under the Eighth Amendment, I would not opt to retain jurisdiction over plaintiff's state law claim for negligence.

Maurer, Director of Health Services for the Connecticut Department of Correction, Nurse Sharon Burke, and Nurse April Ralaph and mail a waiver of service of process request packet to each defendant in his or her individual capacity at the current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of the request. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **Within twenty-one (21) days of this Order,** the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on defendants Dr. Kathleen Maurer, Nurse Sharon Burke, and Nurse April Ralaph in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) Defendants shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order.

(5) All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

(6) If plaintiff seeks to pursue his claims against the two unidentified John/Jane Doe nurses, he may file an amended complaint that includes a description of the conduct of each defendant, the dates on which and where the conduct occurred, and how the conduct violated his constitutional rights. The allegations should refer to each defendant by his or her first and last

name or last name and first initial of his or her first name. Plaintiff is cautioned that an amended complaint completely replaces the original complaint. Thus, the factual allegations and claims against Doctor Maurer and Nurses Burke and Ralaph should also be included in any amended complaint. If plaintiff chooses to file an amended complaint, he must do so **within thirty (30) days** of the date of this order.

(7) **The Pro Se Prisoner Litigation Office shall send a courtesy copy of this Ruling and Order, the Complaint, ECF No. 1, the Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3, and the Motion for Emergency Hearing, ECF No. 4, to Assistant Attorneys General Madeline A. Melchionne and Terrence M. O'Neill at the Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105. The defendants shall file a response to the motions for temporary restraining order and preliminary injunction and for a hearing within fourteen (14) days of the date of this order.**

It is so ordered.

Dated at New Haven this 10th day of October 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge